United States District Court
Eastern District of Michigan
Southern Division

United States of America,

        Plaintiff,

                             Hon. Judge

v.

                             Case No. 21-

Aaron Zheng,

        Defendant.

_____/

# Plea Agreement

The United States of America and the defendant, Aaron Zheng, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1.    Counts of Conviction

The defendant will waive his right to an indictment and will plead guilty to Counts 1 and Count 2 of the Information. Count 1 and Count 2 charge the defendant with Unlawful Employment of Aliens under Title 8, U.S.C. § 1324a(a)(1)(A) and Title 8, U.S.C. § 1324a(f)(1).

## 2.   Statutory Minimum and Maximum Penalties

The defendant understands that the counts to which he is pleading guilty carry the following minimum and maximum statutory penalties:

| Count 1 | Term of imprisonment: | Up to 6 months (Class B Misdemeanor) |
|---|---|---|
| | Fine: | Up to $3000 |
| | Term of supervised release: | Not required |
| Count 2 | Term of imprisonment: | Up to 6 months (Class B Misdemeanor) |
| | Fine: | Up to $3000 |
| | Term of supervised release: | Not required |

The defendant further understands that the Court has the discretion to run the sentences of imprisonment on the counts of conviction consecutively to each other.

## 3.   Agreement Not to Bring Additional Charges

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will not bring additional criminal charges against the defendant for the conduct reflected in the Information for

the time period of January 1, 2017 – March 30, 2018, relating to the employment of aliens at Teppanyaki Grill located in Taylor, MI.

**4.    Elements of Counts of Conviction**

The elements of Count 1 and Count 2 are:

(1) defendant hired the person(s) identified in the Information for employment in the United States;
(2) the named person(s) are aliens, that is, they are a citizen or national of another country; and,
(3) the defendant knew the named person(s) in the Information were not authorized to undertake employment in the United States.

**5.    Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offenses, and provide a sufficient factual basis for the defendant's guilty plea:

For some time, including from approximately January 1, 2017 until March 30, 2018, defendant was the owner of Teppanyaki Grill and Buffet, located in Taylor, MI. During this time period defendant engaged in a pattern and practice of hiring aliens, including Elias Gonzalez-Ramos and David Diaz-Diaz, who are identified in the Information, to work at Teppanyaki Grill and Buffet. Defendant was aware that the aliens employed, including Elias Gonzalez-Ramos and

David Diaz-Diaz, were unlawfully in the United States and were not permitted to undertake employment in the United States.

## 6.  Advice of Rights

The defendant has read the Information, has discussed the charges and possible defenses with his attorney, and understands the crimes charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A.  The right to plead not guilty and to persist in that plea;

B.  The right to a speedy and public trial by jury;

C.  The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.  The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.  The right to confront and cross-examine adverse witnesses at trial;

F.  The right to testify or not to testify at trial, whichever the defendant chooses;

G.   If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H.   The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I.   The right to compel the attendance of witnesses at trial.

## 7.   Collateral Consequences of Conviction

The defendant understands that his convictions here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his convictions here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his convictions here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of

the defendant's conviction(s) might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his convictions.

8. **Imposition of Sentence**

   A. **Statutory Sentence Range**

   The defendant understands that because the offense(s) are Class B misdemeanors, the maximum term of imprisonment that can be imposed by the Court is 6 months. In determining the sentence, the Court must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

   B. **Imprisonment**

      1. **Recommendation**

      Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a non-custodial sentence.

      2. **No Right to Withdraw**

      The parties' recommendation in paragraph 8.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from his agreement or withdraw his guilty plea if the Court

decides not to follow the government's recommendation. The government likewise has no right to withdraw from the agreement if the Court decides not to follow the government's recommendation. If however, the Court rejects or purports to reject any other term or terms of the plea agreement, the government will be permitted to withdraw from the agreement.

### C.  Supervised Release

#### 1.  Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court not impose a term of supervised release.

#### 2.  No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from the agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 8B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

## D. Fines

There is no recommendation or agreement as to a fine.

## E. Restitution

The Court must order restitution to every identifiable victim of the defendant's offense. There is no recommendation or agreement on restitution. The Court will determine at sentencing who the victims are and the amounts of restitution they are owed.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining her ability to pay restitution. The defendant

agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

## F.    Forfeiture

Pursuant to 18 U.S.C. § 982(a)(6)(A)(ii)(I)-(II), upon conviction of Counts One and Two in violation of 8 U.S.C. §1324A(a)(1)(A) and §1324(f)(1), the defendant shall forfeit to the United States of America his interest in any property, real or personal, which constitutes or is derived from proceeds obtained directly or indirectly from the offense of conviction, and/or property used to facilitate the offense of conviction.

If any of the property described above, as a result of any act or omission of the defendant:

  a.    cannot be located upon the exercise of due diligence;

  b.    has been transferred or sold to, or deposited with, a third party;

  c.    has been placed beyond the jurisdiction of the court;

  d.    has been substantially diminished in value; or

e.  has been commingled with other property which cannot

be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute

property pursuant to 21 U.S.C. § 853(p).

### G.  Special Assessment

The defendant understands that he will be required to pay a

special assessment of $20, due immediately upon sentencing. This

amount represents an assessment of $10 for each count of conviction.

### 9.  Appeal Waiver

The defendant waives any right he may have to appeal his

conviction on any grounds. If the defendant's sentence of imprisonment

does not exceed 6 months, the defendant also waives any right he may

have to appeal his sentence on any grounds.

### 10.  Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective

assistance of counsel or prosecutorial misconduct, as long as the

defendant properly raises those claims by collateral review under 28

U.S.C. § 2255. The defendant also retains the right to pursue any relief

permitted under 18 U.S.C. § 3582(c), as long as the defendant properly

files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

11. **Consequences of Withdrawal of Guilty Plea or Vacation of Judgment**

If the defendant is allowed to withdraw his guilty pleas, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a

timely manner, including any claim that they were filed after the limitations period expired.

## 12. Use of Withdrawn Guilty Plea

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

## 13. Parties to Plea Agreement

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 14. Scope of Plea Agreement

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant

at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

## 15. Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 5:00 PM on April 20, 2021. The government may withdraw from this agreement at any time before the defendant pleads guilty.

SAIMA S. MOHSIN
Acting United States Attorney

*Jonathan Goulding (w/consent)*
Jonathan Goulding
Assistant United States
Attorney

*Timothy McDonald (w/consent)*
Timothy McDonald
Assistant United States
Attorney

*Susan E. Fairchild (w/consent)*
Susan E. Fairchild
Assistant United States Attorney

Dated: April 6, 2021

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.

Arthur Weiss
Attorney for Defendant

Aaron Zheng
Defendant

Dated: April 15, 2021